# MEMORANDA

OF

# CASES NOT REPORTED IN FULL.

THE PEOPLE OF THE STATE OF NEW YORK EX REL. FISK WALLACE, RESPONDENT, *v.* THOMAS ABBOTT AND OTHERS, AS TRUSTEES OF SCHOOL DISTRICT No. 6 IN THE TOWN OF GRAVESEND, APPELLANTS.

*Trustees of a school district — when they will be compelled by* mandamus *to make an order on funds subject to their disposition, to pay a judgment recovered against them,* -

APPEAL from an order directing that a *mandamus* issue to the defendants, trustees of a school district, commanding them to pay to the relator or his attorney, the amount of a judgment recovered against them, or to deliver to him an order for said amount made and drawn by them upon the collector of said school district directing such collector to pay the same to him. The relator obtained a judgment against the defendants upon a claim for an unpaid balance of salary. The trustees having refused to pay the judgment or to give an order on the district collector for the amount, this writ was applied for and obtained.

The Court at General Term said : " While it is true that an execution may be issued against the property of school trustees, to be collected out of their individual property, it is not the only remedy of the judgment creditor. The debt is against the school district and no inability upon the part of school trustees to pay individually will absolve the district from its debt. The defendants are a board, or a *quasi* corporation, and as such, have the money of the district in their hands. No question is made as to the amount being sufficient and as to the fund being applicable to pay the debt. The board has no excuse to offer upon this branch of the case why it does not do its duty to the relator. The facts, therefore, establish *mandamus* to be the proper remedy. Remedy

by action is not a bar to the granting of a writ of *mandamus* to compel the performance of a duty. The judgment is final as to the application. Costs were granted by the judgment and cannot be assailed collaterally. By section 3244, Code, costs cannot be given in actions against school trustees for acts or omissions which could be determined upon appeal to the State superintendent. If the trial court determined the question erroneously, it cannot be questioned either upon an execution or upon an application for *mandamus*. It appears that the superintendent of public instruction declined to take the question. There was an issue of fact as to whether the trustee had paid for a year and the relator was not a teacher after his discharge.

"The order should be affirmed, with costs and disbursements."

*T. C. Cronin*, for the appellants.

*Tunis G. Bergen*, for the respondent.

Opinion by BARNARD, P. J.; PRATT, J., concurred.

Order affirmed, with costs and disbursements.